**3**

DOUGLAS H. KRAFT, ESQ. (State Bar No.155127)
KEVIN G. HOWARD, ESQ. (State Bar No. 222221)
KRAFT OPICH, LLP
7509 Madison Avenue, Suite 111
Citrus Heights, California 95610
Telephone: (916) 880-3040
Facsimile: (916) 880-3045

Attorneys for Creditor VALLEY BANK

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>RODNEY LAMBERT and CHANDRA GERMAINE LAMBERT,<br><br>Debtors. | CASE NO. 13-30287 - A - 13J<br><br>DC No: KO-1<br><br>Date: September 30, 2013<br>Time: 1:30 p.m.<br>Dept: A - Court Room 28<br>      501 I Street, 7th Floor<br>      Sacramento, California<br>Judge: Hon. Michael S. McManus |

**OBJECTION TO CONFIRMATION
OF CHAPTER 13 PLAN**

Creditor Valley Bank ("Bank"), hereby files its objection (the "Objection") to confirmation of the Chapter 13 Plan of debtors RODNEY LAMBERT and CHANDRA GERMAINE LAMBERT ("Debtors," each a "Debtor"), pursuant to Federal Rule of Bankruptcy Procedure 3015.

This Objection is based on Debtors' failure to adequately address Bank's secured claim and the lack of feasibility of Debtors' Chapter 13 Plan.

**SUMMARY OF FACTS**

Debtors filed the current Voluntary Petition for relief under Chapter 13 of the Bankruptcy Code on August 2, 2013 ("Petition Date"), as Case No. 13-30287 - A - 13J ("Chapter 13 Case").

Debtors filed their Chapter 13 Plan ("Chapter 13 Plan") on the Petition Date. A true and correct copy of the Chapter 13 Plan is attached to the Request for Judicial Notice as Exhibit 1.

The Bank has not yet filed a proof of claim in the Chapter 13 Case.

As is stated in the Declaration of Andy Erpelding ("Erpelding Declaration") and the associated attachments, Debtor is indebted to Bank under the terms of a promissory note ("Note") *[See Erpelding Declaration, paragraphs 3, 10, 11, and 12, and corresponding Exhibits thereto]*.

The Note is secured by a mortgage on that certain real property located at 1071 Little River Dr. in Miami, FL, 33150 (the "Real Property"). *[See Erpelding Declaration, paragraphs 4, 5, and 9, and corresponding Exhibits thereto]*.

Debtor is in default under the terms of the Note as Debtor failed to pay the monthly payments due under the Note for July 1, 2012, August 1, 2012, and the final payment due on the Note's maturity date of October 4, 2012 *[See Erpelding Declaration, paragraph 20]*.

As of the Petition Date, the amount due and owing under the terms of the Note is the sum of $69,271.77, consisting of principal in the amount of $66,413.52, accrued and unpaid interest in the amount of $2,698.95, and Late Charges in the amount of $159.30 *[See Erpelding Declaration, paragraph 21]*.

**OBJECTIONS**

**The Chapter 13 Plan Does Not Properly Address Bank's Claim Under 11 U.S.C. 1325(a)(5).**

Under the terms of the Chapter 13 Plan, Debtors show Bank's claim as a "Class 1" claim with an "Amount of Arrears" of $2,500.00. This arrearage amount is insufficient to address the amounts owing by Debtor to Bank pursuant to the Note and Bank does not accept this treatment of its secured claim.

Debtor failed to pay monthly payments under the terms of the Note and failed to make the final payment on the Note at the Note's maturity date. As such, the full amount owing under the Note as of the Petition Date, $69,271.77, is currently due and owing.

In addition, the value of property to be distributed under the Chapter 13 Plan on account of Bank's claim is less than what the allowed amount of the Bank's claim will be in the Chapter 13 Case.

**The Chapter 13 Plan is Not Feasible Under 11 U.S.C. 1325(a)(6).**

Debtors' proposed monthly plan payment amount of $1,275.00 is insufficient to address Bank's secured claim. Debtors' plan is therefore not feasible pursuant to 11 U.S.C. 1325(a)(6).

WHEREFORE, Bank prays that the Court enter an order denying confirmation of Debtors' Chapter 13 Plan.

Dated: September 12, 2013           KRAFT OPICH, LLP

                                    By: */s/ Kevin G. Howard*
                                         KEVIN G. HOWARD, ESQ.
                                         Attorneys for Valley Bank