| | |
|---|---|
| 1 | DOUGLAS H. KRAFT, ESQ. (State Bar No.155127) |
|   | KEVIN G. HOWARD, ESQ. (State Bar No. 222221) |
| 2 | KRAFT OPICH, LLP |
|   | 7509 Madison Avenue, Suite 111 |
| 3 | Citrus Heights, California 95610 |
|   | Telephone: (916) 880-3040 |
| 4 | Facsimile: (916) 880-3045 |

Attorneys for Creditor Valley Bank

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:                                    ) CASE NO. 13-30287 - A - 13J
                                          )
RODNEY LAMBERT AND CHANDRA                ) DC No.: KO-2
GERMAINE LAMBERT,                         )
                                          ) Date:  October 28, 2013
        Debtors.                          ) Time:  **1:30 p.m.**
                                          ) Dept:  A - Court Room 28
                                          )        501 I Street, 7th Floor
                                          )        Sacramento, California
                                          ) Judge: Hon. Michael S. McManus
_____)

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Valley Bank ("Lender"), hereby moves this court for an order terminating the automatic stay of 11 U.S.C. section 362 as to certain real property located in Miami-Dade County, Florida, known as 1071 Little River Dr., Miami, FL, 33150 (the "Real Property"), owned by RODNEY LAMBERT ("Debtor R. Lambert"), such that Lender may pursue any and all remedies available to it under the terms of the loan documents which are the subject of this motion (the "Loan Documents"), including, but not limited to, foreclosure of its deed of trust, and the prosecution of any remedies available to it under state law in order to obtain possession of and sell the Real Property thereafter. Debtor R. Lambert and CHANDRA GERMAINE LAMBERT will be referred to collectively herein as "Debtors."

This motion is brought pursuant to 11 U.S.C. section 362(d)(2) and Local Rules 4001-1 and 9014-1(f)(1). This motion is based on the Notice of Hearing, the Points and Authorities, and

the Request for Judicial Notice, all of which have been filed and served herewith, as well as the papers, files, and records of this court in the within bankruptcy case, and upon such oral and documentary evidence as may be put forth at the time of the hearing, if any.

Debtor R. Lambert is indebted to Lender under a loan ("Loan") described in the Declaration of Andy Erpelding ("Erpelding Declaration") filed in support of Lender's objection to confirmation of Debtors' Chapter 13 Plan. The Loan is secured by that certain Mortgage Deed and Security Agreement dated January 16, 2007 ("Mortgage"), executed by Debtor R. Lambert as mortgagor, and recorded in the Official Records of Miami-Dade County, Florida on January 17, 2007, CFN 2007R0054904. The Mortgage encumbers the Real Property.

Debtor R. Lambert is in default under the Loan for failure to pay the monthly payments and for failure to pay the Loan on or before the Loan's maturity date as required under the loan documents evidencing the Loan. As of August 2, 2013 (the "Petition Date"), there was due and owing under the Loan the sum of $69,271.77, consisting of principal in the amount of $66,413.52, accrued and unpaid interest in the amount of $2,698.95, and Late Charges in the amount of $159.30.

Debtors state in their petition that the value of the Real Property as of the Petition Date is $67,744.00. As such, Debtors have no equity in the Real Property. Debtors provide in their proposed Chapter 13 Plan to pay an arrearage amount on the Loan in the amount of $2,500.00, which is far less than the full amount owing. Debtor R. Lambert stated at the First Meeting of Creditors in this matter that he has received no rental income in the last two years, including from the Real Property. The Real Property is not contributing any income to the Debtors' successful reorganization. As such, Lender is entitled to relief from the automatic stay with respect to the Real Property.

Lender respectfully requests the Court to enter an order granting Lender immediate relief from the automatic stay in order to take all actions necessary to complete its repossession, sale and/or collection on the Real Property, and pursue all remedies available to it under state law to obtain possession of, sell and/or collect proceeds from the Real Property.

1 | Respectfully submitted,

2 | Dated: September 27, 2013                    KRAFT OPICH, LLP

4 |                                               By: /s/ Kevin G. Howard
                                                     KEVIN G. HOWARD, ESQ.
5 |                                                  Attorneys for creditor
                                                     Valley Bank