DOUGLAS H. KRAFT, ESQ. (State Bar No.155127)
KEVIN G. HOWARD, ESQ. (State Bar No. 222221)
KRAFT OPICH, LLP
7509 Madison Avenue, Suite 111
Citrus Heights, California 95610
Telephone: (916) 880-3040
Facsimile: (916) 880-3045

Attorneys for Creditor Valley Bank

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

RODNEY LAMBERT AND CHANDRA GERMAINE LAMBERT,

Debtors.

CASE NO. 13-30287 - A - 13J

DC No.: KO-2

Date: October 28, 2013
Time: **1:30 p.m.**
Dept: A - Court Room 28
501 I Street, 7th Floor
Sacramento, California
Judge: Hon. Michael S. McManus

**POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Valley Bank ("Lender") hereby respectfully submits the following in support of its motion (the "Motion") for an order terminating the automatic stay of 11 U.S.C. section 362 as to certain real property located in Miami-Dade County, Florida, known as 1071 Little River Dr., Miami, FL, 33150 (the "Real Property"), owned by RODNEY LAMBERT ("Debtor R. Lambert"). Debtor R. Lambert and CHANDRA GERMAINE LAMBERT will be referred to collectively herein as "Debtors."

I.

**FACTUAL BACKGROUND**

Debtors filed their Voluntary Petition for relief under Chapter 13 of the Bankruptcy Code on August 2, 2013 (the "Petition Date") as Case No. 13-30287 - A - 13J (the "Bankruptcy

1

Case"). Debtors also filed their Chapter 13 Plan ("Chapter 13 Plan") on the Petition Date. A true and correct copy of the Chapter 13 Plan is attached to the Request For Judicial Notice as Exhibit 1.

Lender filed an objection to the confirmation of Debtors' Chapter 13 Plan on September 12, 2013 ("Objection to Confirmation").

Debtor R. Lambert is indebted to Lender under a loan ("Loan") described in the Declaration of Andy Erpelding ("Erpelding Declaration") filed in support of Lender's Objection to Confirmation. A true and correct copy of the Erpelding Declaration and the supporting exhibits A through I is attached to the Request For Judicial Notice as Exhibits 2 and 3, respectively. The Loan is secured by that certain Mortgage Deed and Security Agreement dated January 16, 2007 ("Mortgage"), executed by Debtor R. Lambert as mortgagor, and recorded in the Official Records of Miami-Dade County, Florida on January 17, 2007, CFN 2007R0054904. The Mortgage encumbers the Real Property. *[See Erpelding Declaration, para. 4-5 and 7-8, and Exhibits B, D, and E attached thereto].*

The Mortgage and each of the other documents evidencing and/or securing the Loan will hereafter collectively be referred to as the "Loan Documents."

Debtor R. Lambert is in default under the terms of the Loan Documents as Debtor R. Lambert failed to pay the required monthly payments and failed to pay the final payment due on the Loan's maturity date. *[See Erpelding Declaration, para. 20]*. As of the Petition Date there was due and owing under the Loan the sum of $69,271.77, consisting of principal in the amount of $66,413.52, accrued and unpaid interest in the amount of $2,698.95, and Late Charges in the amount of $159.30. *[See Erpelding Declaration, para. 21]*

**Property Valuation**

As shown on Schedule A of the Debtors' bankruptcy petition ("Schedule A"), Debtors state the current value of the Real Property as of the Petition Date is $67,744.00. A true and correct copy of Schedule A is attached to the Request For Judicial Notice as Exhibit 4.

/////

Based on the Debtors' bankruptcy petition and schedules, and the amount due and owing under the Loan, Debtors have no equity in the Real Property, as follows:

| | |
|---|---|
| Value of Real Property | $ 67,744.00 |
| Encumbrances Valley Bank | $ 69,271.77 |
| Equity of Real Property | $ <1,527.77> |

**No Contribution to Successful Reorganization**

Debtor R. Lambert stated under oath at the First Meeting of Creditors ("341 Meeting") held on September 5, 2013 that he intends to live in the Real Property while he operates his business. (See transcript excerpt from 341 Meeting, page 7, lines13-15, attached to the Request For Judicial Notice as Exhibit 5).

In Schedule A, Debtors list the Real Property as "rental property." Debtor R. Lambert also testified at the 341 Meeting that he had no income from real estate in the last two years. (See transcript excerpt from 341 Meeting, page 8, lines 4-7, attached to the Request For Judicial Notice as Exhibit 5).

Debtor R. Lambert's current business, "Pro Spirit Auto Sales Corp.," is listed in Debtors' Statement of Financial Affairs at item No. 18 ("SOFA No. 18") as having an address of 5916 SW 25th St., Hollywood, FL 33023. A true and correct copy of SOFA No. 18 is attached to the Request For Judicial Notice as Exhibit 6.

## II.

## ARGUMENT

**A.  RELIEF FROM THE AUTOMATIC STAY SHOULD BE GRANTED ON THE GROUNDS SET FORTH IN BANKRUPTCY CODE §362(d)(2).**

Section 362(d) of the Bankruptcy Code identifies the grounds upon which an interested party may obtain relief from the automatic stay of an act against property under Section 362(a), and provides as follows, in relevant part:

> "(d) On request of a party-in-interest and after notice and hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

3

Points and Authorities in Support of Motion for Relief From the Automatic Stay

1  (1)   for cause, including lack of adequate protection of an interest in property of such party in interest;

2  (2)   with respect to a stay of an act against property under subsection (a) of this section, if –

3      (A)   the debtor does not have an equity in such property; and

4      (B)   the property is not necessary to an effective reorganization;"

**Relief Should Be Granted As the Debtor Has No Equity In The Real Property And The Real Property Is Not Necessary To Debtors' Effective Reorganization.**

As indicated above, based on the value of the Real Property, and the encumbrances against the Real Property, Debtors have negative equity in the Real Property in the amount of $<1,527.77>.

Despite Debtor R. Lambert's intent to live in the Real Property, the Chapter 13 Plan makes no provision for Debtors to retain the Real Property. The Loan is matured, Debtor R. Lambert is in default under the terms of the Loan Documents, and the arrears amount proposed to be paid through the Chapter 13 Plan in the amount of $2,500.00 is wholly inadequate to satisfy the current indebtedness owing to Lender.

In addition, the Real Property generates no income for Debtors and has not generated any income for the past two years. In fact, if Debtor R. Lambert were to live in the Real Property, doing so would prevent the Real Property from generating any rental income. Debtor R. Lambert's sole source of income appears to be his business, Pro Spirit Auto Sales, Corp., which is located at a different address than the Real Property.

As such, the Real Property is not necessary to Debtors' effective reorganization.

## III.

## CONCLUSION

Since Debtors have no equity in the Real Property and the Real Property is not necessary to Debtors' effective reorganization, cause exists for relief from stay under Section 362(b)(2) of the Bankruptcy Code.

/////

Points and Authorities in Support of Motion for Relief From the Automatic Stay

1  **WHEREFORE**, Lender respectfully requests the Court to enter an order granting Lender immediate relief from the automatic stay in order to take all actions necessary to complete its repossession, sale and/or collection on the Real Property, and pursue all remedies available to it under state law to obtain possession of and sell the Real Property.

Respectfully submitted,

Dated: September 27, 2013             KRAFT OPICH, LLP

By: */s/ Kevin G. Howard*
    KEVIN G. HOWARD, ESQ.
    Attorneys for creditor
    Valley Bank