**5**

1   DOUGLAS H. KRAFT, ESQ. (State Bar No.155127)
    KEVIN G. HOWARD, ESQ. (State Bar No. 222221)
2   KRAFT OPICH, LLP
    7509 Madison Avenue, Suite 111
3   Citrus Heights, California 95610
    Telephone: (916) 880-3040
4   Facsimile: (916) 880-3045

5   Attorneys for Creditor VALLEY BANK

6

7

8                      UNITED STATES BANKRUPTCY COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10                         SACRAMENTO DIVISION

11  In re:                          )    CASE NO. 13-30287 - A - 13J
                                    )
12  RODNEY LAMBERT and CHANDRA      )    DC No: SJS-001
    GERMAINE LAMBERT,               )
13                                  )    Date:   December 9, 2013
                 Debtors.           )    Time:   1:30 p.m.
14                                  )    Dept:   A - Court Room 28
                                    )            501 I Street, 7th Floor
15                                  )            Sacramento, California
                                    )    Judge: Hon. Michael S. McManus
16  _____)

17              **OPPOSITION TO MOTION TO CONFIRM
                 FIRST AMENDED CHAPTER 13 PLAN**
18

19          Creditor Valley Bank ("Bank"), hereby files its opposition (the "Opposition") to the

20  motion of debtors RODNEY LAMBERT and CHANDRA GERMAINE LAMBERT ("Debtors,"

21  each a "Debtor") to confirm Debtors' First Amended Chapter 13 Plan ("Amended Plan"). This

    Opposition is made pursuant to LBR 3015-1(d)(1) and LBR 9014-1(f)(1).
22
            This Objection is based on the lack of feasibility of the Amended Plan and is supported
23
    by the declaration of M. Scott Kleiman ("Kleiman Declaration"). The Bank consents to the
24
    Court's resolution of disputed material factual issues pursuant to Fed. R. Civ. P. 43(c) as made
25
    applicable by Fed. R. Bankr. P. 9017.
26
    ///
27
    ///
28

                                            1

1

**SUMMARY OF FACTS**

2    On August 2, 2013 ("Petition Date"), Debtors filed the current Voluntary Petition for

3 relief under Chapter 13 of the Bankruptcy Code as Case No. 13-30287 - A - 13J ("Chapter 13

4 Case").

5    The Bank has not yet filed a proof of claim in the Chapter 13 Case.

6    On September 27, 2013 the Bank filed a motion for relief from the automatic stay

7 ("Relief From Stay Motion") seeking relief with respect to that certain real property located at

8 1071 Little River Dr. in Miami, FL, 33150 (the "Real Property") based on Debtors' lack of any

9 equity in the Real Property and that the Real Property is not necessary to Debtors' successful

10 reorganization because it does not generate any income. Debtors filed opposition to the Relief

11 From Stay Motion. Debtors' opposition conceded the lack of equity in the Real Property and

12 stated that Debtors would file a first amended chapter 13 plan which would provide for payment

13 of the full pre-petition amount of Bank's claim.

14    On October 24, 2013, Debtors filed the Amended Plan with a supporting declaration

15 ("Supporting Declaration"). The Amended Plan proposes to increase the monthly payment, after

16 two payments of $1,275.00, to $2,576.00 for the remainder of the term of the plan.

17    At the hearing on the Relief From Stay Motion on October 28, 2013 Debtors argued that

18 the Real Property was necessary to their reorganization because it would be used to increase the

19 income generated by Debtors' used car business, primarily by using the Real Property to park

20 and/or store up to twelve (12) used cars. The Court set a further evidentiary hearing date of

21 November 25, 2013 to allow Debtors to submit evidence to the Court in support of their

22 opposition to the Relief From Stay Motion. The Court also set related filing deadlines of

23 November 11, 2013 for Debtors to file their supporting evidence, and of November 18, 2013 for

24 Bank to file a response to any evidence filed by Debtors.

25 /////

26 /////

27 /////

28

**OPPOSITION**

**<u>The Amended Plan Is Not Feasible Under 11 U.S.C. 1325(a)(6).</u>**

Debtors declare under penalty of perjury in the Supporting Declaration that they anticipate increased monthly revenue of $450.00 "[b]ased upon the use of the [Real Property]" *[Supporting Declaration, ¶14]*. The Supporting Declaration fails to provide any detail or additional information about what this "use" would be, fails to describe how the $450.00 amount was determined, and further fails to provide any facts to allow a reasonable assessment of when the anticipated increased income will begin or whether it will continue for the term of the plan.

In addition, Debtors' proposed use of the Real Property to generate greater income for Debtors' used car business appears to be prohibited by existing zoning ordinances and regulations.

Specifically, the Real Property is zoned as "RU-1," which is a single-family residential district. *See* paragraphs 2 and 3 of the Kleiman Declaration and Exhibit 1 attached thereto.

Section 33-199 of the Miami-Dade County, Florida Code of Ordinances ("Miami-Dade County Ordinances"), applicable to the "RU-1, Single Family Residential District," enumerates in items 1 through 10 the permitted uses in a RU-1 District. No provision is made for the storage or parking of cars in connection with a used car business. *See* paragraphs 4 and 5 of the Kleiman Declaration and Exhibit 2 attached thereto.

The only reference to vehicles in Section 33-199 is in connection with the use of a business telephone in a residence. Section 33-199(4) permits the use of a business telephone in a residence "provided no truck, heavy equipment, or similar vehicle is kept on the property and no storage or any other business activity is carried on." *Id.* Debtors' intended plan to store or park up to twelve (12) cars at the Real Property appears to violate the permitted uses enumerated in Section 33-199 of the Miami-Dade County Ordinances.

Also, Section 33-19.1(b) of the Miami-Dade County Ordinances states "In residential districts no more than one (1) vehicle may be displayed for sale at any one (1) time on any one (1) premise and no more than two (2) vehicles may be displayed for sale at any one (1) premise

for any one (1) calendar year, and the display shall only be permitted at the current address of the registered owner of the vehicle offered for sale on the subject premises." *See* paragraph 6 of the Kleiman Declaration and Exhibit 3 attached thereto. Debtors' intended plan also appears to violate Section 33-19.1(b) of the Miami-Dade County Ordinances.

Further, Section 33-25.1(A) of the Miami-Dade County Ordinances states, in relevant part:

> "A home office shall be permitted as an ancillary use to all lawful residential uses subject to the following limitations: ...

> 6.   There shall be no display ... of any type of ... merchandise or other products on the premises. Storage of such items shall be confined to the home office area.

> 7.   There shall be no change in the outside residential character of the building or premises as a result of the conduct of such home office use, or any visible evidence thereof."

*See* paragraph 7 of the Kleiman Declaration and Exhibit 4 attached thereto.

Debtors' plan to use the Real Property to increase the income generated by Debtors' used car business, primarily by using the Real Property to park and/or store up to twelve (12) used cars, appears to be prohibited by local zoning ordinances and regulations.

Debtors have failed to provide evidence that they will be able to make the higher payment of $2,576.00 as proposed in the Amended Plan.

### EFFECT OF RELIEF FROM STAY MOTION

Debtors failed to file evidence in support of their opposition to the Relief From Stay Motion. As such, Bank anticipates that its Relief From Stay Motion will be granted on November 25, 2013. If the Relief From Stay Motion is granted, Bank intends to take all actions necessary to complete its repossession, sale and/or collection on the Real Property, and pursue all remedies available to it under state law to obtain possession of and sell the Real Property.

Upon completion of such repossession, sale, and/or collection on the Real Property by Bank, any claim Bank may have in the Bankruptcy Case will be satisfied.

/////

/////

**CONCLUSION**

WHEREFORE, Bank prays that the Court enter an order denying Debtors' motion to confirm the Amended Plan.

Dated: November 25, 2013          KRAFT OPICH, LLP


By:___ */s/ Kevin G. Howard*_____
          KEVIN G. HOWARD, ESQ.
          Attorneys for Valley Bank