## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | Rodney Lambert and Chandra Germaine Lambert | **Case No :** | 13–30287 – A – 13J |
| | | **Date :** | 11/25/13 |
| | | **Time :** | 01:30 |
| **Matter :** | [26] – Motion for Relief from Automatic Stay [KO–2] Filed by Creditor Valley Bank (Fee Paid $176) (cwam) | | OPPOSED |
| **Judge :** | Michael S. McManus | | |
| **Courtroom Deputy :** | Sarah Head | | |
| **Reporter :** | Diamond Reporters | | |
| **Department :** | A | | |

**APPEARANCES for :**
**Movant(s) :**
(by phone)    Creditor's Attorney – Kevin Howard
**Respondent(s) :**
(by phone)    Debtor(s) Attorney – Scott Johnson
              Trustee – Jan P. Johnson


MOTION was :
Granted in part
See final ruling below.


ORDER TO BE PREPARED BY :    Movant(s)

Final Ruling: The motion is granted in part pursuant to 11 U.S.C. § 362(d)(2) in order to permit the movant to conduct a foreclosure sale and to obtain possession of the subject real property following the sale. All other relief is denied. The subject real property has a value of $67,744 and is encumbered by a perfected deed of trust or mortgage in favor of the movant. That security interest secures a claim of $69,271.77. The debtor has no equity in the property.

And, while this is chapter 13 reorganization, the debtor has not come forward with any convincing evidence that the property is necessary for a reorganization that is in prospect.

First, the plan proposed by the debtor erroneously assumes the movant's claim is long term secured claim. This means the debtor is proposing to maintain the monthly mortgage payment and cure any arrears, which are estimated at $2,500. However, the loan matured on one year ago. As a result, the entire claim of $69,271.77 must be paid. The plan does not proposed to do so. The plan cannot be confirmed.

Second, according to the plan and Schedules I and J as well as Form 22, the subject property is rental property but the debtor is deriving no income from it. Hence, not only is there no equity to realize for the benefit of unsecured creditors, there is no net rental income to benefit creditors.

The 14–day stay of Fed. R. Bankr. P. 4001(a)(3) will be waived.

Because the movant has not established that the value of its collateral exceeds the amount of its claim, the court awards no fees and costs. 11 U.S.C. § 506(b).